**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4622-18T3

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

CHRISTOPHER DESA,

     Defendant-Appellant.

_____

Argued telephonically September 22, 2020 –
Decided September 30, 2020

Before Judges Yannotti, Haas, and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 15-02-0180.

Steven E. Braun, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Steven E. Braun, on the brief).

Joie D. Piderit, Assistant Prosecutor, argued the cause for respondent (Yolanda Ciccone, Middlesex County Prosecutor, attorney; Joie D. Piderit, of counsel and on the brief).

PER CURIAM

Defendant appeals from an April 18, 2019 Law Division order, which denied his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We incorporate herein the procedural history and facts set forth in State v. Desa, No. A-5226-14 (App. Div. June 8, 2017), certif. denied, 231 N.J. 539 (2017). The following facts are pertinent to the present appeal.

Following a multi-day trial, the jury convicted defendant of first-degree robbery, fourth-degree theft by unlawful taking, second-degree eluding a law enforcement officer, third-degree resisting arrest, two counts of second-degree aggravated assault by causing injury to another while fleeing or attempting to elude a law enforcement officer, third-degree criminal mischief, and fourth-degree possession of an imitation firearm. (slip op. at 1). The trial judge sentenced defendant to an aggregate term of thirty-eight years in prison, subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. Id. at 2.

Defendant appealed his conviction and sentence. Ibid. We affirmed defendant's convictions, but ordered the trial judge to merge the conviction for second-degree eluding into the two convictions for second-degree aggravated

assault. Id. at 3. On remand, the court sentenced defendant to an aggregate term of twenty-nine years in prison, subject to NERA.

Defendant filed a PCR petition and argued that his attorney provided him with ineffective legal assistance. Specifically, defendant alleged that his attorney: (1) had a conflict of interest with him because of a "contingency fee arrangement"; (2) failed to instruct him not to plead guilty to charges in another matter in which defendant was represented by a different attorney; (3) failed to provide him with discovery or call an alibi witness; (4) erred by not calling an expert witness to testify at trial; (5) failed to challenge the cell phone tracking evidence the State presented at trial; and (6) did not adequately represent him at sentencing.

The judge considered and rejected each of these contentions. The judge concluded that defendant failed to satisfy the two-prong test of Strickland v. Washington, 466 U.S. 668, 687 (1984), which requires a showing that trial counsel's performance was deficient and that, but for the deficient performance, the result would have been different.

In a thorough oral opinion, the judge first reviewed defendant's claim that his trial attorney entered into an impermissible contingency fee arrangement with him. As the judge noted, R.P.C. 1.5(d)(2) states that "[a] lawyer shall not

3

enter into an arrangement for, charge, or collect . . . a contingent fee for representing a defendant in a criminal case."

Here, defendant's attorney agreed to represent defendant in two separate criminal matters in Somerset and Middlesex Counties, including the present case. In return, defendant agreed to pay his attorney $100,000. However, the parties' agreement specifically stated that "it is anticipated that the [$100,000] will be paid out of any settlement proceeds recovered in" a civil matter defendant had filed against Piscataway Township, the Piscataway Police Department, and a police officer for injuries he sustained when the officer shot defendant as he began to elude the law enforcement officers who were trying to apprehend him. In other words, defendant's attorney, who was representing him in the civil action, assumed the risk that he might never be paid for representing defendant in the criminal matter. Thus, payment was not contingent on whether defense counsel was successful at defendant's trial on the charges involved in this case.

Under these circumstances, the judge found that defendant did not have a contingency fee agreement with his attorney in the criminal matter. Because the agreement did not violate R.P.C. 1.5(d)(2), the judge concluded that defense counsel did not have an impermissible conflict of interest and rejected defendant's contention to the contrary.

The judge also rejected defendant's argument that his attorney should have instructed him not to plead guilty to unrelated theft charges pending against him in Middlesex County. Because he pled guilty to those charges before the jury convicted him in the present case, and defendant was incarcerated for this entire period, defendant claims he received only gap-time credits in the present matter for the time he served in jail after his guilty plea, rather than jail credits. Defendant asserts that if he had waited to plead guilty to the theft charges until the day he was sentenced in the present case, he would have received jail credits for all of the time he spent incarcerated.

However, defendant was represented by a different attorney in connection with the Middlesex County theft charges. There is nothing in the record to indicate that defendant's attorney in this case was responsible in any way for defendant's decision to plead guilty to those charges in advance of his trial in the present matter. As the trial judge found, defendant received all of the jail and gap-time credits due him at the time of sentencing in both matters. Therefore, the judge ruled that defendant's attorney was not ineffective for actions defendant and a different attorney took regarding the theft charges.

The judge next rejected defendant's assertion that his attorney should have provided him with discovery that would have enabled him to locate an alibi

5

witness known only as "Dee." As the judge observed, defendant did not provide an affidavit or certification from "Dee," or anyone else with first-hand knowledge of the matter, stating what testimony this individual would have provided if counsel had been able to locate him and call him as a witness. Therefore, the judge found that defendant's claim lacked merit.

In his petition, defendant also argued that his attorney was ineffective because he did not call an expert witness at trial. Defendant alleged that he was "in shock" when he committed the offenses for which he was convicted because he was injured when the police officer shot him. Defendant claims that an expert would have been able to corroborate this assertion. Once again, however, defendant did not provide an affidavit or certification from an expert to support this proposed defense. Accordingly, the judge rejected his argument on this point.

Defendant acknowledged that his attorney filed both a motion to suppress evidence at trial, and a motion to sever the charges. Although he stated in his petition that he was dissatisfied with the results of these motions, defendant did not raise these issues on direct appeal. Therefore, the judge found that defendant's arguments were barred by Rule 3:22-4.

Defendant also argued that his attorney was ineffective because he did not argue against the imposition of consecutive sentences and did not present mitigating factors in support of a lower sentence. However, the sentencing transcript revealed that the attorney argued "that to run any sentence in this case consecutively is not warranted." In addition, defendant did not identify any specific mitigating factors that the attorney should have pressed at the time of sentencing. Moreover, we affirmed defendant's consecutive sentences on direct appeal, although we did order that one of the charges should have been merged, which resulted in a reduced sentence for defendant. Therefore, defendant could not establish either prong of the Strickland test.

Because defendant failed to establish a prima facie case of ineffective assistance of counsel on any of his claims, the judge determined that an evidentiary hearing was not required. This appeal followed.

On appeal, defendant raises the same arguments that he unsuccessfully presented to the PCR judge. Defendant contends:

> POINT I
>
> AN EVIDENTIARY HEARING SHOULD HAVE BEEN HELD TO DETERMINE WHETHER TRIAL DEFENSE COUNSEL HAD A CONFLICT OF INTEREST BECAUSE OF A CONTINGENCY FEE ARRANGEMENT.

POINT II

DUE TO TRIAL DEFENSE COUNSEL'S MALFEASANCE, DEFENDANT RECEIVED A SENTENCE WHICH WAS EFFECTIVELY CONSECUTIVE TO OTHER CHARGES.
POINT III

TRIAL DEFENSE COUNSEL FAILED TO PROVIDE DISCOVERY, FAILED TO DISCUSS THE DISCOVERY WITH DEFENDANT, AND FAILED TO ADEQUATELY PREPARE DEFENDANT FOR HIS TRIAL TESTIMONY.

POINT IV

TRIAL DEFENSE COUNSEL FAILED TO CONDUCT AN INVESTIGATION AND FAILED TO CONSULT AN EXPERT WITNESS.

POINT V

TRIAL DEFENSE COUNSEL FAILED TO PROPERLY CHALLENGE THE CELL PHONE TRACKING IN THE MOTION TO SUPPRESS AND THE TIMELINE IN THE MOTION TO SEVER.

POINT VI

TRIAL DEFENSE COUNSEL FAILED TO ARGUE FOR CONCURRENT SENTENCES AND FAILED TO PROVIDE MITIGATING FACTORS.

When petitioning for PCR, the defendant must establish, by a preponderance of the credible evidence, that he or she is entitled to the requested relief. State v. Nash, 212 N.J. 518, 541 (2013); State v. Preciose, 129 N.J. 451,

8

459 (1992). To sustain that burden, the defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992).

The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing and the defendant "must do more than make bald assertions that he was denied the effective assistance of counsel." State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, trial courts should grant evidentiary hearings and make a determination on the merits only if the defendant has presented a prima facie claim of ineffective assistance, material issues of disputed facts lie outside the record, and resolution of the issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013). We review a judge's decision to deny a PCR petition without an evidentiary hearing for abuse of discretion. Preciose, 129 N.J. at 462.

To establish a prima facie claim of ineffective assistance of counsel, the defendant is obliged to show not only the particular manner in which counsel's performance was deficient, but also that the deficiency prejudiced his right to a fair trial. Strickland, 466 U.S. at 687; State v. Fritz, 105 N.J. 42, 58 (1987). There is a strong presumption that counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional

judgment." Strickland, 466 U.S. at 690. Further, because prejudice is not presumed, Fritz, 105 N.J. at 52, the defendant must demonstrate "how specific errors of counsel undermined the reliability" of the proceeding. United States v. Cronic, 466 U.S. 648, 659 n.26 (1984).

Moreover, such acts or omissions of counsel must amount to more than mere tactical strategy. Strickland, 466 U.S. at 689. As the Supreme Court observed in Strickland,

> [a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."
>
> [Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).]

When a defendant claims that trial counsel inadequately investigated his case, "he must assert the facts that an investigation would have revealed, supported by affidavits or certifications based upon the personal knowledge of the affiant or the person making the certification." Porter, 216 N.J. at 353

(quoting Cummings, 321 N.J. Super. at 170). In addition, deciding which witnesses to call to the stand is "an art," and we must be "highly deferential" to such choices. State v. Arthur, 184 N.J. 307, 321 (2005) (quoting Strickland, 466 U.S. at 689).

Having considered defendant's contentions in light of the record and the applicable law, we affirm the denial of defendant's PCR petition substantially for the reasons detailed at length in the trial judge's thorough oral opinion. We discern no abuse of discretion in the judge's consideration of the issues, or in his decision to deny the petition without an evidentiary hearing. We are satisfied that the trial attorney's performance was not deficient, and defendant provided nothing more than bald assertions to the contrary.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION